UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN ANTHONY YEAGER,

    Petitioner,

v.                                          CASE NO. 6:03-cv-1046-Orl-18JGG

JAMES CROSBY, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a timely response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 5). Respondents, with leave of the Court, filed an amended response correcting Petitioner's first name. (Doc. No. 8). The Court gave Petitioner thirty days to reply to the amended response (Doc. No. 9). Petitioner failed to file a reply to the response or the amended response.

Petitioner alleges four claims for relief in his habeas petition: first, that his no contest plea was involuntary because he was under the influence of psychotropic medications when he entered the plea; second, that he received ineffective assistance of counsel, resulting in an involuntary plea, when his trial counsel led him to believe that the trial court would run the sentence in this case concurrent with the sentence in another case; third, that trial counsel's testimony at an evidentiary

hearing in Petitioner's trial case, concerning trial counsel's advice of a concurrent sentence in this plea case, constituted newly discovered evidence that entitled Petitioner to relief; and fourth, that his no contest plea was involuntary because the trial court never advised Petitioner that by entering the plea he was giving up his right to a trial, his right to call witnesses, and his right to file a direct appeal.

*Procedural History*

This habeas corpus petition directly concerns state case number 00-35495. In that case Petitioner pled no contest to uttering a false or forged instrument, a third degree felony punishable by up to a maximum of five years in prison. At the same time, Petitioner pled no contest in two violation of probation (VOP) cases. In one VOP case the underlying charge was uttering a false or forged instrument. In the other VOP case the underlying charge was dealing in stolen property, a second degree felony punishable by up to a maximum of fifteen (15) years in prison.

Petitioner's habeas corpus petition indirectly involves state case number 00-34250 because the trial court sentenced him on case 00-34250 at the same time as the plea cases. In case 00-34250 a jury found Petitioner guilty of resisting arrest with violence, a third degree felony punishable by up to a maximum of five (5) year in prison, and two misdemeanors.

At the sentencing hearing the trial court first adjudicated Petitioner guilty of the offenses, and then sentenced Petitioner to a total of ten (10) years in prison, i.e., two consecutive five (5) year prison sentences. In particular, in case 00-34250 the trial court sentenced Petitioner to five years in prison on the resisting arrest with violence count. In case 00-35495 the trial court sentenced Petitioner to five years in prison, consecutive to the five year prison sentence imposed in case number 00-34250. On the two VOP cases the trial court sentenced Petitioner to time served.

Petitioner did not file a direct appeal, but he later filed a Rule 3.850 motion for postconviction relief with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*. *Yeager v. State*, 808 So. 2d 229 (Fla. 5th DCA 2002).

Petitioner then filed a second rule 3.850 motion for postconviction relief with the state trial court alleging newly discovered evidence concerning trial counsel's advice about the plea. The trial court conducted an evidentiary hearing, but denied the motion. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*. *Yeager v. State*, 848 So. 2d 341 (Fla. 5th DCA 2003).

Petitioner then filed a Rule 3.800 motion to correct illegal sentence, which, because of the nature of the claim, the trial court construed as a third Rule 3.850 motion for postconviction relief. The trial court denied the motion, but Petitioner did not appeal.

## A.   *Claims One, Two and Three*

### 1.   *Applicability of 28 U.S.C. Section 2254(d)*

Because claims one, two and three were adjudicated on the merits in the state court, this Court may grant habeas corpus relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." *See* 28 U.S.C. §§ 2254(d)(1) and (2); *see also Williams v. Taylor*, 529 U.S. 362 (2000).

In the case of *Bell v. Cone*, 535 U.S. 685, 694 (2002), the United States Supreme Court discussed the meaning of "contrary to" and "unreasonable application" as used in 28 U.S.C.

3

§ 2254(d):

> As we stated in *Williams*, § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.

Thus, this Court may not grant the writ simply because it determines that the state court erroneously or incorrectly applied the correct governing law. Relief is only warranted if the application was unreasonable. *Id.*

### 2. Claim One

Petitioner alleges in his first claim that his plea was involuntary because he was under the influence of several psychotropic medications at the time of the plea. Petitioner specifically claims he was under the influence of 40 milligrams of buspar, 400 milligrams of tegretol, and 300 milligrams of sinequan. Petitioner claims that he informed the trial court of his mental condition, and that he was under the influence of psychotropic medications. Petitioner claims that, because of the medications, he was easily influenced by his attorney and he did not understand the nature and consequences of the plea. Had Petitioner not been under the influence of medications, he claims, he would have chosen to go to trial because he had a viable defense. Petitioner does not explain what the viable defense was.

Petitioner raised this claim in his first state Rule 3.850 motion for postconviction relief. The state trial court ruled that the record conclusively refuted Petitioner's claim, and showed that the trial

4

court "did inquire into the Defendant's mental disorder, and counsel, as well as Defendant, stated that he understood what he was doing in the plea proceedings." (Appendix A at 70.)

The standard for determining the validity of a plea is "whether the plea represents a voluntary intelligent choice among the alternative courses open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *see also Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The Eleventh Circuit explained the standard for federal review of state court guilty pleas as follows:

> A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

*Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir.) (en banc), *cert. denied*, 502 U.S. 835 (1991)(quotation omitted).

This Court agrees with the trial court that Petitioner's claim is conclusively refuted by the record. During the plea colloquy Petitioner specifically denied that he was under the influence of any drugs. *Id.* at 75. Petitioner did inform the trial court that he was being treated for a mental disorder, but Petitioner's trial counsel assured the trial court that Petitioner understood what he was doing and the consequences of his acts. *Id.* at 75-76. Petitioner also assured the trial court that he understood what he was doing. *Id.* at 76. Furthermore, Petitioner assured the trial court that no offers or promises were made to induce him to enter the no contest pleas; that nobody forced or threatened him to enter the pleas; and that he was entering the pleas freely and voluntarily. *Id.* at 76-77.

The United States Supreme Court held in *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977), that "the representations of the defendant, his lawyer, and the prosecutor at such a [plea] hearing, as

5

well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Petitioner has not made a sufficient showing in this Court to refute the veracity of his responses at the plea hearing or the weight his plea should be accorded in this Court.

The Eleventh Circuit addressed this same issue in *Sheley v. Singletary*, 955 F.2d 1434 (11th Cir. 1992). The Eleventh Circuit rejected Sheley's claim that taking psychotropic drugs before he entered a guilty plea in state court rendered the plea involuntary. *Id.* at 1437-39. The Eleventh Circuit ruled that Sheley's bare allegation of the level of psychotropic drugs administered to him was insufficient to sustain his claim. *Id.* at 1439. The Eleventh Circuit ruled that "a [petitioner] must present evidence demonstrating that the dosage given him affected him sufficiently adversely as to raise a doubt of his ability to consult with his lawyer and to have a rational understanding of the proceedings against him." *Id.* (quotation omitted). The Eleventh Circuit found "Sheley has not presented sufficient evidence to support his claim that the medication caused him to be confused and to lack understanding of the proceedings . . . ." *Id.* The Eleventh Circuit noted that at the critical time of the plea the trial judge's questioning of Sheley provided the judge with the opportunity to observe his demeanor and verbal coherence. *Id.* at 1438.

Here Petitioner's bare allegation of the level of psychotropic drugs he was under the influence of at the time of the plea is insufficient to sustain his claim of an involuntary plea. Petitioner has not shown that he lacked an understanding of the plea proceedings. Both Petitioner and his attorney assured the trial court that Petitioner understood what was transpiring at the plea proceeding. The trial court was able to observe Petitioner's demeanor and verbal coherence during the plea colloquy. Nothing that happened during the plea indicated that Petitioner did not understand what was

transpiring. Thus, the record shows a voluntary plea, and claim one must therefore be denied.

Further, an analysis of the state court's decision on claim one under the standards set forth in 28 U.S.C. § 2254(d) precludes relief here. Although the state court failed to cite the United States Supreme Court cases of *Alford*, *Boykin* and *Hill* concerning the law on voluntary pleas, under § 2254(d) a state court is not required to cite United States Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Neither the reasoning nor the result of the state court decision on claim one contradicts these United States Supreme Court cases. Certainly, there is no indication that the result reached by the state court is at odds with any United States Supreme Court case which considered "materially indistinguishable facts." *See Bell*, 535 U.S. at 694.

Next, a review of the record reveals that the state court's application of the clearly established law regarding a voluntary plea on claim one was objectively reasonable. Certainly, the Court is unable to say that the trial court's application of the law concerning a voluntary plea was objectively unreasonable. A review of the record reveals that the state court's decision was reasonably justified in light of the evidence presented in the state court proceedings.

As Petitioner's claim is a mixed question of law and fact, the Court must also ask whether the determination of facts necessary for the state court to reach its conclusions was unreasonable under section 2254(d)(2). The unreasonable determination of facts language of section 2254(d)(2) relates to pure questions of fact. *United States v. Hartwig*, No. 99 C 3536, 2000 WL 782933, at *7 (N.D. Ill. June 15, 2001). For a factual finding to be unreasonable, it must lack any record support, be contradicted by evidence in the record, and be shown to be factually wrong by information that is readily accessible and unquestionably accurate. *Fargo v. Phillips*, 129 F. Supp. 2d 1075, 1090 (E.D.

Mich. 2001). Additionally, evidence-supported factual determinations by a state court are entitled to a presumption of correctness; but, this presumption may be overcome by clear and convincing evidence rebutting the presumption of correctness. 28 U.S.C. § 2254(e)(1); *Fargo*, 129 F. Supp. 2d at 1090.

Here, nothing in the record, or in Petitioner's submissions, suggests that the state court's factual findings were unreasonable. Further, Petitioner has failed to rebut the presumption of correctness accorded the state court's fact findings. Because he has not denigrated the state court's factual findings, the Court cannot conclude that the state court's decision on claim one was based on an unreasonable determination of the facts. Based on the foregoing, it is clear that claim one must be denied under section 2254(d).

    2.    *Claims Two and Three*

    a.    *Overview of Claim Two*

In claim two Petitioner claims that he received ineffective assistance of counsel, resulting in an involuntary plea, when his trial counsel led him to believe that the trial court would run the sentence in this plea case (uttering a false or forged instrument) concurrent with the sentence in the trial case (resisting arrest with violence). Petitioner claims he pled expecting a concurrent sentence. Petitioner claims that had he known there was a chance of a consecutive sentence, he would have gone to trial because he had a viable defense. Again, Petitioner fails to articulate what the viable defense was.

Petitioner raised claim two as three separate claims in his first state Rule 3.850 motion for postconviction relief. In its order denying relief, the state trial court identified the principles of the United States Supreme Court case of *Strickland v. Washington*, 466 U.S. 668 (1984) as the governing

law for Petitioner's ineffective assistance of counsel claim. (Appendix A at 68-69.) The state trial court ruled that the record refuted Petitioner's claim because Petitioner stated he understood the plea proceedings, and assured the trial court that no offers or promises were made to induce him to enter the no contest plea. *Id.* at 69. The trial court also found that Petitioner's claim was rebutted by the fact that the trial court advised Petitioner at the plea hearing that he faced a maximum sentence of fifteen years in prison on the three cases he was pleading to (i.e., three consecutive five year sentences), and Petitioner stood mute on the issue of concurrent sentences.[1]

   b.   *Overview of Claim Three*

Petitioner raised claim three in his second state Rule 3.850 motion for postconviction relief. Trial counsel represented Petitioner in both the trail case (resisting arrest with violence) and the instant plea case (uttering a false or forged instrument). Claim three concerns trial counsel's testimony at an evidentiary hearing on ineffective assistance of counsel in Petitioner's trial case, which occurred after the trial court had denied Petitioner's first Rule 3.850 motion in this plea case.

Petitioner claims that at the evidentiary hearing in the trial case trial counsel testified "I informed Mr. Yeager in my professional advise he would receive a concurrent sentence in the case if he pled. and it is a case we could have took to trial and won." Petitioner claims this testimony constitutes "newly discovered evidence" that entitles Petitioner to relief on his claim that he received ineffective assistance of counsel, resulting in an involuntary plea, when his trial counsel led him to

---

[1] The trial court understated the total of all the maximum sentences in the three plea cases (one new case and two VOPs). The trial court mistakenly thought that the new case and the two VOP cases were all third degree felonies, but one of the VOP cases was a second degree felony (dealing in stolen property) with a maximum sentence of fifteen year in prison. Thus, Petitioner actually faced a total maximum sentence of twenty-five years in prison on the three cases he pled to (five, five and fifteen years consecutive), and not a total of fifteen.

believe that the trial court would run the sentence in this plea case (uttering a false or forged instrument) concurrent with the sentence in the trial case (resisting arrest with violence). Thus, claims two and three are essentially identical, except for the allegation of newly discovered evidence in claim three.

The trial court held an evidentiary hearing on Petitioner's newly discovered evidence claim in his second Rule 3.850 motion. At the evidentiary hearing below trial counsel testified that before Petitioner pled no contest to uttering a false or forged instrument, trial counsel discussed the merits of going to trial versus entering a no contest plea. (Appendix A at 20-21). Trial counsel testified that in advising Petitioner he discussed the likelihood of an acquittal at trial, and had a limited discussion of whether it was a case that could be won at trial. *Id.* at 22-23. Trial counsel testified that he told Petitioner that in his professional opinion the trial court would run the sentence in the plea case concurrent with the sentence in the trial case; that concurrent sentences were highly likely; but that he did not promise or guarantee such a result. *Id.* at 22, 25-26. Trial counsel also testified that had he promised a specific sentence, he would have brought it to the trial court's attention at the plea hearing. *Id.* at 23. Petitioner, during the hearing, admitted that trial counsel had not made a guarantee of a concurrent sentence. *Id.* at 25.

Ultimately, the trial court denied Petitioner's newly discovered evidence claim. The trial court ruled that the facts brought out during the evidentiary hearing did not provide a basis for overruling the trial court's initial denial of Petitioner's ineffective assistance of counsel claim concerning trial counsel's advice about concurrent sentences, which Petitioner had raised in his first rule 3.850 motion. (Appendix A at 120-21.).

    c.    *Governing Law*

In *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), the United States Supreme Court held that "the two part *Strickland v. Washington*, 466 U.S. 668 (1984) test applies to challenges to guilty pleas based on ineffective assistance of counsel." In *Strickland* the United States Supreme Court established a two part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness": and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989).

In the context of a guilty plea, to establish prejudice Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted). Petitioner must establish both prongs of *Strickland* to be entitled to relief, and the "failure to establish either is fatal and makes it unnecessary to consider the other." *Rutherford v. Crosby*, 385 F.3d 1300, 1308 (11th Cir. 2004).

    d.    *Discussion*

This Court agrees with the trial court that the record refutes Petitioner claim of an involuntary plea based on misleading advice of trial counsel concerning concurrent sentences. Trial counsel's testimony and Petitioner's admissions at the evidentiary hearing further refute Petitioner's claim. The record makes clear that nobody promised or guaranteed Petitioner concurrent sentences. Petitioner and trial counsel discussed taking the case to trial instead of pleading no contest. Furthermore,

11

Petitioner assured the trial court that no offers or promises were made to induce him to enter the no contest pleas; that nobody forced or threatened him to enter the pleas: and that he was entering the pleas freely and voluntarily. *Id.* at 76-77. Petitioner's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74.

Trial counsel's advice that in his professional opinion the trial court would probably run the sentences concurrent is not a basis for finding Petitioner's plea involuntary. *See McMann v. Richardson*, 397 U.S. 759, 770 (1970) ("That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing."); *Braun v. Ward*, 190 F.3d 1181, 1189-91 (10th Cir. 1999) (plea was not involuntary where trial counsel told defendant that, based on experience and expertise, defendant had a better chance of receiving a sentence of less than death with a blind plea to the judge compared to his chances with a jury, but no result was guaranteed); *Cunningham v. Diesslin*, 92 F.3d 1054, 1061 (10th Cir. 1996) ("An attorney's erroneous sentence estimate . . . does not render a plea unknowingly made."); *Thomas v. Dugger*, 846 F.2d 669, 672 (11th Cir. 1988) (plea was not coerced where trial counsel told defendant there was a good possibility, but not a guarantee, of early parole on a life sentence); *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987) (defendant's claims of ineffective assistance of counsel and involuntary plea due to misinformation about concurrent sentences was refuted by the record which showed there were no promises of concurrent sentences, and trial court informed defendant of the maximum sentences); *Wellnitz v. Page*, 420 F.2d 935, 936 (10th Cir. 1970) (a defendant's erroneous sentence expectation based on defense counsel's erroneous sentence estimate did not render defendant's plea involuntary).

The record in this case shows that trial counsel's advice, at the time it was made, was

reasonable, and there is nothing in the record to rebut the strong presumption of reasonableness accorded trial counsel's conduct under *Strickland*. The trial court correctly informed Petitioner of the five year maximum prison sentence, which Petitioner ultimately received, for the uttering a false or forged instrument charge he pled to.[2] (Appendix A at 78.) Nobody made any promises or guarantees of concurrent sentences to Petitioner. Petitioner's claim of prejudice, that he would have gone to trial had he known of the possibility of consecutive sentences because he had a viable defense, is clearly rebutted by the record. The record shows Petitioner knew that concurrent sentences were not guaranteed and that there was a possibility of consecutive sentences. Yet he still entered the plea knowing of the risk of consecutive sentences. Moreover, Petitioner never articulated what viable defense he had to the uttering a false or forged instrument charge he pled to.

Petitioner has not demonstrated deficient performance on the part of counsel or prejudice. Furthermore, Petitioner has failed to show that his no contest plea was involuntary. The evidentiary hearing on his claim of newly discovered evidence adds to the record support for the trial court's rulings on these issues. This Court agrees with the trial court that the evidentiary hearing below did not provide a basis to change the trial court's initial denial of Petitioner's ineffective assistance counsel claim. Thus, claims two and three are both without merit.

Further, an analysis of the state court's decisions on claims two and three under the standards set forth in 28 U.S.C. § 2254(d) precludes relief here. Although the state court failed to cite the

---

[2]Where, as here, a sentencing judge has discretion to impose either a consecutive sentence or a concurrent sentence, the consecutive nature of a sentence is a collateral consequence of the plea, and the failure to warn of its possible imposition does not render a plea involuntary. *See United States v. Kikuyama*, 109 F.3d 536, 538 (9th Cir. 1997). Nevertheless, the trial court did indirectly warn Petitioner of the possibility of consecutive sentences in the three cases he pled to by telling Petitioner he faced a total maximum sentence of fifteen years prison in all three case together.

United States Supreme Court's *Hill* case on the issue of ineffective assistance of counsel resulting in an involuntary plea. *Hill* just applied *Strickland*, which the state court did cite, in the plea context. Further, under § 2254(d) a state court is not required to cite United States Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Neither the reasoning nor the result of the state court decisions on claims two and three contradicts *Hill*. Certainly, there is no indication that the result reached by the state court is at odds with any United States Supreme Court case which considered "materially indistinguishable facts." *See Bell*, 535 U.S. at 694.

Next, a review of the record reveals that the state court's application of the clearly established law regarding a claim of ineffective assistance of counsel resulting in an involuntary plea was objectively reasonable. Certainly, the Court is unable to say that the trial court's application of the law concerning ineffective assistance of counsel resulting in an involuntary plea was objectively unreasonable. A review of the record reveals that the state court's decision was reasonably justified in light of the evidence presented in the state court proceedings.

Furthermore, the state court's factual findings were reasonable. Here, nothing in the record, or in Petitioner's submissions, suggests that the state court's factual findings were unreasonable. Petitioner has failed to rebut the presumption of correctness accorded the state court's fact findings. Because he has not denigrated the state court's factual findings, the Court cannot conclude that the state court's decisions on claims two and three were based on an unreasonable determination of the facts. Based on the foregoing, it is clear that claims two and three must be denied under section 2254(d).

***B.  Claim Four***

Petitioner alleges in his fourth claim that his plea was involuntary because the trial court never advised him that he was giving up his right to a trial, his right to call witnesses and his right to a direct appeal. Petitioner raised this claim in his state Rule 3.800 motion, which the trial court treated as his third Rule 3.850 motion.[3] The state trial court ruled that Petitioner's claim was successive and procedurally barred under Florida law because Petitioner failed to raise the claim in his first Rule 3.850 motion. The trial court cited *Moore v. State*, 820 So.2d 199 (Fla. 2002), which held that "a second or successive motion for postconviction relief can be denied on the ground that it is an abuse of process if there is no reason for failing to raise the issues in the previous motion." *Id.* at 205. Petitioner did not appeal the trial court's denial of his claim to the state appellate court. Petitioner claims that he failed to appeal because at the time for appeal he was in county jail and did not have access to a law library.

"Federal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "[W]here the state court correctly applies a procedural default principle of state law, *Sykes* requires the federal court to abide by the state court's decision."[4] *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990).

Claim four was raised in Petitioner's third Rule 3.850 motion, but was determined by the state court to be procedurally barred. Thus, claim four is procedurally barred in this Court because the last

---

[3]*See Eusse v. State*, 717 So.2d 1049, 1050 (Fla. 3d DCA 1998) ("An irregularity in the plea colloquy is an error of law, for which the proper remedy is a Rule 3.850 motion.").

[4]The Eleventh Circuit is referring to United States Supreme Court case of *Wainwright v. Sykes*, 433 U.S. 72 (1977).

state court rendering a judgment in Petitioner's case clearly and expressly stated that its judgment rested on the procedural bar. *Id.* at 1273.

Additionally, Petitioner's failure to appeal the state trial court's denial of his claim to the state appellate court results in a failure to exhaust state remedies and a procedural default in this federal habeas corpus proceedings. *See Leonard v. Wainwright,* 601 F.2d 807, 808 (5th Cir. 1979) (exhaustion requires not only the filing of a Rule 3.850 motion, but also an appeal of its denial); *see also, Farrell v. Lane,* 939 F.2d 409, 410 (7th Cir.), *cert. denied,* 502 U.S. 944 (1991); *Smith v. Jones,* 923 F.2d 588 (8th Cir. 1991) (claims presented in post-conviction motion and not appealed were procedurally barred in subsequent habeas proceedings).

There are, however, two narrow exceptions to the procedural default bar. First, a petitioner may overcome a procedural default by showing "both 'cause' for the default and actual 'prejudice' resulting from the default." *Henderson v. Campbell,* 353 F.3d 880, 892 (11th Cir. 2003). "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir.1999). "To establish 'prejudice,' a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different." *Henderson,* 353 F.3d at 892 (citation omitted).

The second exception, known as the "fundamental miscarriage of justice" exception, only "occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.* This second exception requires a "colorable showing of actual innocence." *Bailey v. Nagle,* 172 F.3d 1299, 1306 (11th Cir. 1999).

In the present case, Petitioner has neither alleged nor shown either cause or prejudice that

would excuse the state law procedural default of Petitioner failing to raise this claim in his first state Rule 3.850 motion. As to the cause for the second procedural bar, Petitioner's failure to appeal the state court's denial, Petitioner claims that he was in the county jail without access to a law library. This Court is unable to find cause for the procedural default because Petitioner has not alleged the dates when he was in the county jail, and the date he was returned to the state prison. Moreover, this Court would be reluctant to find cause here where Petitioner previously perfected the two appeals of his first two Rule 3.850 motions, and he was familiar with the appeal procedure.

But even if this Court were to find cause for Petitioner's failure to appeal, Petitioner has failed to allege any prejudice resulting from the procedural default. No prejudice exists because the claim would still be procedurally barred under the state law procedural default resulting from Petitioner's failure to raise the claim in his first Rule 3.850 motion.[5]

Petitioner has neither alleged nor shown the applicability of the actual innocence exception. A review of the record reveals that the Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claim four is procedurally barred.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by John Anthony Yeager, is **DENIED**,

---

[5]In addition, on the merits of Petitioner's claim the law in the Eleventh Circuit is against him. *See United States v. Simmons*, 961 F.2d 183, 187-88 (11th Cir. 1992) (defendant's plea was not *per se* involuntary just because the trial court failed to inform defendant during plea colloquy that defendant was giving up his right jury trial, right to confront witness and right against self-incrimination). *Accord Wright v. United States*, 624 F.2d 557, 561-62 (5th Cir. 1980); *Davis v. Wainwright*, 547 F.2d 261, 264-65 (5th Cir. 1977); *McChesney v. Henderson*, 482 F.2d 1101, 1110-11(5th Cir. 1973).

and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

    2.    The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 7 day of May, 2006.

                                          G. KENDALL SHARP
                                          SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
sc 6/7
Counsel of Record
John Anthony Yeager